

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**New Case Electronically Filed: COMPLAINT**
**August 20, 2025 12:52**

By: JAMES E. BOULAS 0070007

Confirmation Nbr. 3591286

ALEXA WOERNLEY

vs.

ERIE INSURANCE COMPANY

CV 25 123150

**Judge:** DAVID T. MATIA

**Pages Filed:** 6

**EXHIBIT A**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| ALEXA WOERNLEY,<br>3609 Hunter Dr.<br>North Olmsted, Ohio 44070<br><br>      Plaintiff,<br><br>vs.<br><br>ERIE INSURANCE COMPANY<br>4690 Munson Street, N.W.<br>Canton, Ohio 44718<br><br>      Defendant. | CASE NO.:<br><br>JUDGE: |

## COMPLAINT

NOW COMES the plaintiff, Alexa Woernley, by and through counsel, and for her Complaint against Defendant, Erie Insurance Company, avers as follows:

### Jurisdiction and Venue

1. The plaintiff is an individual currently and at all times relevant herein residing at the address set forth in the caption.

2. Erie Insurance Company ("Erie") is an insurance company licensed with the Ohio Department of Insurance to issue insurance policies in the State of Ohio with its principal place of business in the County of Cuyahoga.

3. The motor vehicle collision that is the subject of this action occurred in Cuyahoga County, Ohio.

4. The insurance policy that is the subject matter of this action was issued in Cuyahoga County, Ohio.

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147-1202
440.526.8872
FAX 440.838.8822
docket@sue2win.com

5. This Court has jurisdiction over the persons and subject matter of this action and venue is proper in this Court.

## FACTUAL BACKGROUND

6. Each and every matter set forth hereinabove is hereby re-stated by reference as if fully rewritten herein.

7. On August 22, 2023, a motor vehicle collision occurred in the City North Olmsted, County of Cuyahoga and State of Ohio involving a motor vehicle operated by the plaintiff and a motor vehicle operated by the Tortfeasor, Amira Yousef Shouman ("the MVC").

8. The MVC was the result of the Tortfeasor's negligent operation of the Tortfeasor's motor vehicle.

9. The MVC was the result of Tortfeasor's reckless operation of the Tortfeasor's motor vehicle.

10. The plaintiff was not negligent in the operation of the plaintiff's motor vehicle at the time of the MVC.

11. The plaintiff did not negligently contribute to the MVC.

12. The plaintiff was not reckless in the plaintiff's operation of the plaintiff's motor vehicle at the time of the MVC.

13. The plaintiff did not recklessly contribute to the MVC.

14. As a direct and proximate result of the Tortfeasor's conduct, the plaintiff was injured.

15. As a direct and proximate result of the Tortfeasor's conduct, the plaintiff sustained damages.

16. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include bodily injury.

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147-1202
440.526.8872
FAX 440.838.8822
docket@sue2win.com

17. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include pain.

18. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include suffering.

19. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include disability.

20. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include emotional distress.

21. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include medical expenses.

22. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include loss of enjoyment of life.

23. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include the inability to engage in the plaintiff's daily routine.

24. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include the inability to conduct business.

25. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include lost wages.

26. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include property damage.

27. The plaintiff's damages, which directly and proximately resulted from the Tortfeasor's conduct, include other economic damages.

28. The plaintiff's damages are ongoing.

29. The plaintiff's injuries are permanent.

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147-1202
440.526.8872
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 08/20/2025 12:52 / / CV 25 123150 / Confirmation Nbr. 3591286 / CLEV1

3

## COUNT ONE

### Medical Payments / Underinsured Motorist Claim

30. Each and every matter set forth hereinabove is hereby re-stated by reference as if fully rewritten herein.

31. At the time of the MVC, there was in full force and effect a Policy of Insurance issued by Erie bearing Policy Number Q056109193 that covered the plaintiff ("the Policy").

32. At all times relevant herein, the plaintiff was listed, or was by definition, an insured under the Policy.

33. The Policy provided the plaintiff with Medical Payments ("Med Pay") and Uninsured/Underinsured Motorist ("UM/UIM") coverages at the time of MVC.

34. At all times relevant herein, the Tortfeasor was uninsured as defined by the Policy.

35. The Tortfeasor's automobile insurer tendered the Tortfeasor's policy limits and Erie consented to the plaintiff accepting those limits and executing a release of the Tortfeasor so the Tortfeasor is not a party to this action.

36. The UM/UIM coverage applies for bodily injury coverage an insured is legally entitled to collect from the owner or driver of an uninsured or underinsured motor vehicle.

37. The Med Pay coverage applies to medical expenses the insured incurs as a result of a motor vehicle accident and reimburses the plaintiff for medical expenses incurred by the plaintiff as a result of and motor vehicle accident.

38. The plaintiff has complied with all of the pertinent conditions as a prerequisite for accessing the Med Pay and UM/UIM coverages of the Policy.

39. The plaintiff is entitled to the benefits of the Med Pay and UM/UIM coverages contained in the Policy for the damages more fully set forth hereinabove.

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147-1202
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 08/20/2025 12:52 / / CV 25 123150 / Confirmation Nbr. 3591286 / CLEV1

4

40. Erie is a necessary party to this action so that the plaintiff's rights and damages may be determined under the Med Pay and UM/UIM coverages contained in the Policy.

41. The plaintiff is entitled to recover from Erie all Med Pay and UM/UIM benefits available to the plaintiff under the Policy together with punitive damages and attorney's fees if it is found that Erie has at any time breached its duty of good faith and fair dealing owed to the plaintiff or has otherwise acted in bad faith.

## COUNT TWO

### Bad Faith Breach of Insurance Policy

42. Each and every matter set forth hereinabove is hereby re-stated by reference as if fully rewritten herein.

43. The Policy is a binding contract between the plaintiff, either directly or as an intended beneficiary, and Erie.

44. At all times relevant herein, the plaintiff had fully complied with all of the Policy requirements for accessing the UIM coverage in the Policy.

45. Erie never conducted an examination under oath of the plaintiff, even though the Policy provides for same for the purposes of evaluating the plaintiff's UIM claim.

46. Erie never conducted a physical examination of the plaintiff, even though the Policy provides for same for the purposes of evaluating the plaintiff's UIM claim.

47. Erie never conducted an independent medical review of the plaintiff's injuries, treatment and medical bills.

48. Rather than conducting a reasonable investigation of the plaintiff's claim, Erie has disregarded medical evidence of the plaintiff's injuries and has rather relied upon formulas, software and/or applications knowingly licensed, designed and/or applied by Erie to artificially devalue the plaintiff's claim.

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147-1202
440.526.8872
FAX 440.838.8822
docket@sue2win.com

49. Erie has, without reasonable justification, failed to provide the plaintiff with the UIM coverage to which the plaintiff is entitled under the Policy.

50. Erie has failed to conduct an adequate investigation and was not reasonably justified in denying coverage to which the plaintiff is entitled under the Policy.

51. Erie has breached the Policy and, as a direct and proximate result, the plaintiff has sustained damages for which Erie is liable.

52. At all times relevant herein Erie has acted in bad faith, thereby justifying an award of compensatory damages in excess of the plaintiff's policy limits together with punitive damages and attorney's fees.

53. The plaintiff reserves the right to amend this Complaint consistent with future fact discovery.

WHEREFORE, Plaintiff, Alexa Woernley, prays for judgment against Defendant, Erie Insurance Company, for compensatory damages in excess of $25,000.00, together with punitive damages, the plaintiff's attorney's fees, pre-judgment and post-judgment interest, costs and any additional relief this Court deems just and equitable.

Respectfully Submitted,

James E. Boulas (0070007)
Panagiota D. Boulas (0103745)
**JAMES E. BOULAS CO., L.P.A.**
Raintree Plaza
7912 Broadview Road
Broadview Heights, Ohio 44147-1202
(440) 526-8822 / Fax (440) 838-8822
jim@sue2win.com
pam@sue2win.com

Attorneys for Plaintiff,
Alexa Woernley

JAMES E. BOULAS
CO., L.P.A.
7912 BROADVIEW RD.
BROADVIEW HTS. OHIO
44147-1202
440.526.8822
FAX 440.838.8822
docket@sue2win.com

Electronically Filed 08/20/2025 12:52 / / CV 25 123150 / Confirmation Nbr. 3591286 / CLEV1        6